**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION**

ANTONIO JOHNSON, )
        Plaintiff, )
v. ) Case No. 2:13-cv-0441-WTL-DKL
)
M. MERRITT, et al., )
)
        Defendants. )

**Entry Discussing Motion for Summary Judgment**

Plaintiff Antonio Johnson brings this action pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), alleging that, while Johnson was in inmate of the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), defendant Officer Merritt assaulted him and defendant Officer Ofsansky failed to protect him from this assault. Arguing that Johnson failed to exhaust his available administrative remedies as required by the Prison Litigation Reform Act ("PLRA") and failed to satisfy the requirements of the FTCA, defendant Ofsansky moves for summary judgment.

**I. Summary Judgment Standard**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." *Fed.R.Civ.P.* 56(a); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l– Ind., Inc.,* 211 F.3d 392, 396 (7th Cir. 2000). In determining the existence of a genuine issue of material fact, the court construes all facts in a light most favorable to the non-moving party and

draws all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

## II. Undisputed Facts

The Bureau of Prisons ("BOP") has an administrative remedy system which is codified at 28 C.F.R. § 542.10 *et seq.*, and BOP Program Statement 1330.17, *Administrative Remedy Procedures for Inmates*. To exhaust the BOP's administrative remedies, an inmate must first file an informal request ("BP-8") with an appropriate institution staff member. If not satisfied with the proposed informal resolution, the inmate may file a formal request with the institution Warden ("BP-9"). If not satisfied with the response to the BP-9, the inmate may appeal to the Regional Director ("BP-10"). If not satisfied with the Regional Director's response, the inmate may appeal to the BOP's General Counsel ("BP-11"). Once an inmate receives a response to his appeal from the General Counsel and after filing administrative remedies at all required levels, the administrative remedy process is complete.

Johnson filed a request for administrative remedy relating to the allegations in his Complaint against Defendant Officer Matthew Merritt on January 8, 2013. Specifically, in remedy 718013-F1, Johnson alleged that individual Defendant Merrit assaulted him in the Special Housing Unit on December 5, 2012 causing him to suffer five broken teeth. This filing was closed January 31, 2013. On February 13, 2013, Johnson filed remedy 718013-R1 at the regional level appealing the Warden's response to the allegation against Merritt. This filing was closed on March 5, 2013, and Johnson was advised his allegations were being investigated. On April 1, 2013, Johnson filed remedy 718013-A1 at the Central Office level appealing the North Central Regional Director's response to the allegations. This filing was rejected on April 2, 2013, because Johnson failed to include a copy of his lower level filings. Johnson was advised he could

refile within 15 days. On April 29, 2013, Johnson refiled under remedy 718013-A2 at the Central Office level. This filing was late; however, it was nevertheless accepted and responded to. This filing was closed on September 6, 2013. Johnson was again advised that his allegations were being investigated. The response also reflected that he had been transferred to another institution.

Johnson filed administrative tort claim number TRT-NCR-2013-2515 on February 1, 2013, alleging that defendant Merritt assaulted him. With respect to Officer Ofsansky, Johnson stated in the tort claim notice that this defendant "started walking [him] off the rec yard" with Officer Merritt, but that "Officer Merritt told Officer Ofansky he could let go of me because he would take me in." Johnson goes on to describe the alleged assault, but does not mention Ofsansky again.

### III. Discussion

Defendants Ofsansky and the United States move for summary judgment arguing that Johnson failed to exhaust his available remedies as required by the PLRA and as required by the Federal Tort Claims Act ("FTCA") with respect to his claim that Ofsansky failed to protect him from assault.

A. *Exhaustion of Administrative Remedies*

Defendant Ofsansky first argues that Johnson failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against Ofsansky. The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. *See Porter v. Nussle,* 534 U.S. 516, 532 (2002)("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life . . . ."). Ofsansky does not dispute that Johnson did exhaust his administrative remedies with respect to his claim in this case that defendant Merritt exercised excessive force against him, breaking his teeth. (Dkt.

27 at 2). Ofsansky argues, however, that although Johnson filed administrative remedy requests with respect to these alleged events, he failed to exhaust his administrative remedies with respect to his claim against Ofsansky—that Ofsansky failed to intervene in this use of force—because he did not name Ofsansky specifically in his grievances. But the Supreme Court has explained that notice to an individual that he might be sued "has not been thought to be one of the leading purposes of the exhaustion requirement," and that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Jones v. Bock*, 549 U.S. 199, 218-19 (2007). Instead, "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218. Here, the BOP regulations require that an inmate submit his grievance on an appropriate form and "place a single complaint or a reasonable number of closely related issues on the form." 28 C.F.R. § 542.14. The grievance procedures outlined in the regulations are silent as to the level of detail required to properly exhaust a claim. Ofsansky has directed the Court to no requirement that any individual be named in the grievance and the Court discerns no such requirement. It is undisputed that Johnson exhausted his administrative remedies with regard to the alleged assault. This was sufficient to satisfy the PLRA requirement that a grievance alert officials to a problem. *Jones*, 549 U.S. at 218-19. The BOP grievance policy does not require that a prisoner name each defendant who might be considered liable for his injuries. Therefore, any failure on Johnson's part to name Ofsansky specifically did not violate the PLRA exhaustion requirement. Ofsansky has thus failed to meet his burden of showing that Johnson failed to exhaust his available administrative remedies with regard to his claim that Ofsansky failed to protect him from the alleged assault.

B. *Federal Tort Claims Act*

The United States argues that Johnson failed to exhaust his administrative remedies under the FTCA with respect to his claim that Ofsansky failed to protect him from the alleged assault. The FTCA prohibits the initiation of an action against the United States unless an administrative claim is first presented to the appropriate federal agency. 28 U.S.C. § 2675(a); *Warrum v. United States*, 427 F.3d 1048, 1049 (7th Cir. 2005). The FTCA provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).

An administrative claim under the FTCA must "set forth the relevant facts in enough detail to alert the Bureau of Prisons to the presence of those claims." *Palay v. United States*, 349 F.3d 418, 425-26 (7th Cir. 2003). A plaintiff need not "plead legal theories in the [administrative claim]," but must "plead[] the pertinent facts." *Id.* (citing *Murrey v. United States,* 73 F.3d 1448, 1452 (7th Cir. 1996)). "At each stage of the federal tort claim process, *pro se* administrative complaint forms are 'entitled to a generous construction.'" *Buechel v. United States*, 746 F.3d 753, 760 (7th Cir. 2014) (quoting *Palay*, 349 F.3d at 425-26). Put another way, if the claim would have been apparent to a "legally sophisticated reader" of the form, then that claim will be deemed to have been exhausted. *Id.*

Here, Johnson stated in his administrative claim that Officer Ofsansky "started walking [him] off the rec yard" with Officer Merritt, but that "Officer Merritt told Officer Ofansky he could let go of me because he would take me in." Johnson goes on to describe the alleged

assault, but does not mention Ofsansky again. This claim is sufficient to alert the reader to the possibility that Officer Ofsansky was present when Officer Merrit assaulted Johnson, but did nothing. It was not necessary for Johnson to allege any specific legal theory with respect to Ofsansky. *See Palay*, 349 F.3d at 425-26. A reasonable investigation of the incident should have involved an inquiry into Ofsansky's knowledge of or participation in the facts surrounding it. Because Johnson's administrative claim was sufficient, the United States' request for summary judgment must be **denied**.

## Conclusion

For the foregoing reasons, the motion for summary judgment filed by defendants Ofstansky and the United States [dkt 26] is **denied**.

Because the facts, as previously outlined, are undisputed, pursuant to Rule 56(f) of the *Federal Rules of Civil Procedure*, Ofsansky shall have **through December 1, 2014**, in which to **show cause** why summary judgment should not issue in favor of Johnson on the affirmative defense that Johnson failed to exhaust his available administrative remedies. Alternatively, Ofsansky shall have **through December 1, 2014**, in which to withdraw this affirmative defense. Further proceedings in this action will be directed after the Court receives Ofsansky's response to these directions.

**IT IS SO ORDERED.**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date: 11/12/14

6

Distribution:

Antonio Johnson
7114-003
Florence High USP
Inmate Mail/Parcels
P. O. Box 7000
Florence, CO  81226

All electronically registered counsel