UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ANTONIO JOHNSON, )<br>    Plaintiff, )<br>v. )<br>     )<br>M. MERRITT, et al., )<br>     )<br>    Defendants. ) | Case No. 2:13-cv-0441-WTL-DKL |

**Entry Discussing Motion for Summary Judgment**

Plaintiff Antonio Johnson brings this action pursuant to pursuant to *Bivens v. Six Unknown Named Agents,* 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), alleging that, while Johnson was in inmate of the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"), defendant Officer Merritt assaulted him and defendant Officer Ofsansky failed to protect him from this assault. Arguing that Johnson cannot show that he personally participated in the alleged constitutional violation, Ofsansky moves for summary judgment on Johnson's *Bivens* claim against him. For the following reasons, Ofsansky's motion for summary judgment [dkt 60] is **denied**.

**I. Summary Judgment Standard**

A motion for summary judgment asks that the Court find that a trial based on the uncontroverted and admissible evidence is unnecessary because, as a matter of law, it would conclude in the moving party's favor. *See* Fed. R. Civ. Pro. 56. To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. Fed. R. Civ. Pro. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. Pro. 56(c)(1)(A). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(B). Affidavits or declarations must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on matters stated. Fed. R. Civ. P. 56(c)(4). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially the grant of summary judgment. Fed. R. Civ. P. 56(e). Furthermore, reliance on the pleadings or conclusory statements backed by inadmissible evidence is insufficient to create an issue of material fact on summary judgment. *Id.* at 901.

## II. Facts

Johnson alleges that on or about December 5, 2012, while he was being escorted by defendant Officer Merritt at the USP Terre Haute, Merritt assaulted him by slamming his face into a stairwell wall. Johnson further alleges that defendant Ofsansky failed to intervene to stop the assault. While Johnson testified at his deposition that the assault lasted "ten to twelve seconds" and that he does not know how far away Ofsansky was during the alleged assault, Ofsansky does not dispute that he was present during the escort.

## III. Discussion

Ofsansky moves for summary judgment arguing that because Johnson has no personal knowledge of his whereabouts during the alleged assault, he cannot be held liable for failing to intervene. It is true that to state a claim that a defendant violated his civil rights, the plaintiff must

show that the defendant personally participated in the alleged deprivation. *See Vance v. Rumsfeld,* 701 F.3d 193, 203 (7th Cir.2012) ("[L]iability under a *Bivens*-like remedy is personal.") (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 676–77, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). But Ofsansky does not argue that he was not aware of the escort or that he was not nearby when the alleged assault took place. In fact, it is undisputed that he was. Ofsansky merely relies on the fact that Johnson cannot say *precisely* where he was during the alleged assault. The Court therefore finds a genuine issue of fact regarding Ofsansky's knowledge of the alleged assault. In other words, based on the evidence presented, a reasonable jury could infer that Ofsansky failed to protect Johnson from the alleged assault.

### III. Conclusion

For the foregoing reasons, Ofsansky's motion for summary judgment [dkt 60] is **denied**. The plaintiff's motion to suppress deposition [dkt 67] is **denied**. The plaintiff's motion to appoint counsel [dkt 48] is **granted** to the extent that the Court will attempt to recruit counsel to represent the plaintiff at trial. A trial date will be set through a separate order.

**IT IS SO ORDERED.**

Date: 12/18/15

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Antonio Johnson
07114-003
Hazelton USP
P.O. Box 2000
Bruceton Mills, WV 26525

All electronically registered counsel